32 F.3d 569
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard POLCH, et al., Petitioners,
v.
UNITED STATES DEPARTMENT OF AGRICULTURE, Respondent.
 No. 93-3369.
 United States Court of Appeals, Sixth Circuit.
 July 27, 1994.
 
 Before: KEITH, MARTIN, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Petitioners Richard and Merrie Polch (the "Polches") appeal the decision of the Department of Agriculture assessing a civil penalty and a one year disqualification in a disciplinary proceeding pursuant to the Horse Protection Act of 1970 ("HPA"), 15 U.S.C. Sec. 1821 et. seq. For the reasons stated below, we AFFIRM.
 
 
 2
 In March 1991, the Administrator of the Animal and Plant Health Inspection Service ("APHIS") charged the Polches with violating the HPA. Specifically, the complaint alleged the Polches allowed the entry of their horse, Flashing Gold, in a horse show while it was sore, in violation of 15 U.S.C. Sec. 1824(2)(D). The Polches filed an answer admitting they owned Flashing Gold and a motion for discovery which the administrative law judge ("ALJ") denied.
 
 
 3
 In July 1991, the ALJ held a pre-hearing conference and ordered APHIS and the Polches to exchange lists of exhibits and witnesses and to file the lists with the hearing clerk. Counsel for APHIS filed the list with the hearing clerk and mailed a copy to the Polches on July 24, 1991. Neither the hearing clerk nor the APHIS received a list from the Polches.
 
 
 4
 After a hearing, the ALJ concluded the Polches violated the HPA by allowing the entry of Flashing Gold in a show while the horse was sore as defined by the HPA and imposed a $1,000 civil penalty. The APHIS appealed the ALJ's failure to impose harsher penalties and the Polches cross-appealed the ALJ's decision and imposition of a civil penalty. The Judicial Officer affirmed the ALJ's decision, increased the civil penalty to $2,000, and imposed a one year disqualification from participating in any horse show, exhibition, sale or auction. This timely appeal followed.
 
 
 5
 On appeal, the Polches argue: (1) the ALJ's denial of their motion for discovery violated their constitutional guarantees of due process; and (2) the Judicial Officer abused his discretion by modifying the civil penalty imposed by the ALJ. Having carefully considered the record and the issues presented in the briefs and at oral argument, we find no error warranting reversal. We, therefore, AFFIRM the order of Judicial Officer Donald A. Campbell.
 
 
 6
 BOYCE F. MARTIN, Jr., Circuit Judge, concurring.
 
 
 7
 Although I agree that existing precedent dictates the conclusion reached by the majority, I write separately to express my view that this case presents a clear case of abuse of governmental authority. Simply put, I question the value of an administrative process in which a judicial officer can substitute at his discretion, and without granting the petitioner any further hearing, a harsher penalty than that imposed by an administrative law judge after reasoned analysis. I strongly support the Department of Agriculture's vigilant enforcement of the Horse Protection Act. Such enforcement, however, should not come at the expense of even the worst offender's due process rights.